FILED

2017 AUG 23  AM 11: 48

CLERK. US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

JENNIFERMARIE TASMAN, on
behalf of herself and those similarly
situated,

        Plaintiff(s),

vs.

HT RESTAURANT GROUP, LLC.,
D/B/A HIDDEN TREASURE RAW
BAR & GRILL, a Florida Limited
Liability Company,

        Defendant.

_____/

Case No.: 3:17-cv-994-J-32JRK

## COMPLAINT & DEMAND FOR JURY TRIAL
### (Collective Action Complaint)

Plaintiff, JENNIFERMARIE TASMAN, on her own behalf and on behalf of those similarly situated ("Plaintiff"), was an employee of Defendant, HT RESTAURANT GROUP, LLC., D/B/A HIDDEN TREASURE RAW BAR & GRILL, ("Defendant"), and brings this action for unpaid overtime compensation, unpaid minimum wage compensation liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## I.    NATURE OF SUIT

The FLSA was passed by Congress in 1938. The principal congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and

oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981). The liquidated damage provision of the FLSA constitutes a congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

1. This action is brought under the FLSA to recover from Defendant overtime and minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

2. This action is intended to include each and every employee who was subject to the Defendant's tip credit pay scheme within the past three (3) years.

## II. PARTIES

3. Plaintiff was an hourly paid service worker and performed related activities for Defendant in Flagler County, Florida.

4. Defendant is a seafood restaurant on the Intracoastal Waterway in Flagler Beach, Florida. Accordingly, venue is proper in the Middle District of Florida, Jacksonville, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

### III.    JURISDICTION

5.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1337 and the FLSA.

### IV.    COVERAGE

6.      At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7.      At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

8.      At all material times during the last three years, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the Act, in that said enterprise has had two or more employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. (i.e. seafood, alcoholic beverages, restaurant supplies and equipment).

9.      At all material times during the last three years, Defendant has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

### V.    FACTUAL ALLEGATIONS

10.     Defendant employs servers, bussers, food runners and bartenders which are subject to its tip credit pay scheme ("tipped employees").

11.    Plaintiff was paid pursuant to a "tip credit" method where she was paid minimum wage minus the tip credit.

12.    At all material times during her employment, Defendant deducted a tip credit from Plaintiff.

13.    Plaintiff worked for the Defendant as a server and performed related duties (i.e. serving food, taking orders, cutting lemons, cleaning, etc.).

14.    Plaintiff worked from approximately February 1, 2017 through July 03, 2017.

15.    Plaintiff worked over forty hours during multiple weeks of employment with Defendant. Specifically, Plaintiff worked between fifty-five (55) hours and sixty (60) hours per week. Plaintiff usually worked six (6) days per week and would work up to thirty-five (35) hours during only her shifts on Friday, Saturday and Sunday.

16.    In many weeks, Plaintiff was not paid minimum wage for all the hours worked in violation of 29 U.S.C. §206.

17.    Defendant employs similarly situated employees who worked over forty hours during multiple weeks of employment with Defendant.

18.    At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Defendants did not pay Plaintiff overtime wages for those hours worked in excess of forty (40) within a work week.

19.    Defendant pays all tipped employees a reduced gross hourly wage pursuant to §33(m) of the FLSA.

20.    Additionally, Plaintiff spent a substantial amount of time performing non-tip producing duties for Defendants.

21.   Defendants paid plaintiff the tip-credited wage for the hours spent performing non-tip producing duties on behalf of Defendants. For example:

   a.  Plaintiff would often not have tables to serve. During this time she could not act in her own interests and was required to perform non-tipped work for the benefit of the Defendant including cleaning the parking lot, removing cigarette butts from the landscaping surrounding the outdoor patio seating.

   b.  Plaintiff was often required to work off the clock when opening the restaurant and/or closing the restaurant. When Plaintiff was not working off the clock she was paid at the reduced tipped employee rate despite the fact that greater than 20% of her time was performing non-tipped work.

22.   As a result, throughout Plaintiff's employment with Defendant Plaintiff routinely did not receive the statutory minimum wage for each of her hours worked.

23.   Plaintiff should have received the full statutory minimum wage rate for all hours worked per workweek.

24.   Additionally, Defendant orchestrated a common policy and practice of forcing its "tipped employees", including Plaintiff, to work while "off the clock".

25.   For example, Plaintiff was required to run her end of shift report and then clock out. She was then required to wait on management to "close out" her shift, which would average between thirty minutes to one hour. She was not allowed to leave the

restaurant until a manager closed out her shift despite the fact that she was not paid for the time she was waiting.

26.    Service workers were/are not compensated for these hours.

27.    As a result, tipped employees were not paid overtime for *all* hours worked over forty within a workweek.

28.    Defendant has employed and is employing other individuals as Plaintiff who perform(ed) the same or similar job duties under the same pay provision as Plaintiff and the class members.

29.    Defendants failed to maintain proper time records as mandated by law.

30.    Defendants failed to post informational posters as required by law advising its employees of their rights under the FLSA.

## VI. COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff and the class members performed the same or similar job duties as one another in that they provided restaurant services for Defendant.

32.    Plaintiff and the class members receive a reduced hourly wage due to Defendant claiming the tip credit provided by §33(m) of the FLSA.

33.    Plaintiff and the class members customarily receive tips in addition to their hourly wage.

34.    Further, Plaintiff and the class members were subjected to the same pay provisions in that they were required to work "off the clock."

6

35.     Defendant's common policy violations have caused Plaintiff and the class members to receive less than minimum wage and payment of a wage less than one and one-half their hourly rate of pay for all overtime hours worked.

36.     These policies or practices were applicable to Plaintiff and the class members. Application of these policies or practices does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policies or practices which resulted in the non-payment of minimum wages and overtime to Plaintiff apply to all class members. Accordingly, the class members are properly defined as:

> **All persons whom worked for Defendant as tipped employees during the three (3) years preceding this lawsuit, and whom were not paid the full minimum wage or proper overtime compensation pursuant to the FLSA for each hour worked.**

37.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

38.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

39.     Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

40.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

41.     Plaintiff, and those similarly situated to her, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.  During their employment with Defendant, Plaintiff, and those similarly situated to her, regularly worked overtime hours but was/were not paid time and one half compensation for same.

42.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonable attorneys' fees and costs.

43.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to her, are entitled to liquidated damages.

## COUNT II - RECOVERY OF MINIMUM WAGES (FEDERAL)

44.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-39 above.

45.     Defendant was not entitled to claim the tip credit provided by §33(m) of the FLSA.

46.     Plaintiff, and those similarly situated employees, are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendant.

47.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendant, but Defendant has refused and/or failed to compensate Plaintiff for the same.

48.     As a result of Defendant's actions, Plaintiff has not been paid the minimum wage for each hour worked during one or more weeks of employment with Defendant, because their hourly wages were reduced below the applicable Federal minimum wage requirement.

49.     Defendant willfully violated the FLSA.

50.     In addition, Defendant failed to post the required posting regarding minimum wage requirements.

51.     Also, Defendant failed to maintain required records regarding Plaintiff's time and pay as required by law.

52.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

53.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, and all other similarly situated employees, demand judgment against Defendant for:

(a) Designation of this action as a collective action under the terms of 29 U.S.C. §216(b) to all similarly situated members of the FLSA Opt-in Class, apprising them of the pendency of this action and permitting them to assert their FLSA claims in this action through individual consent;

(b) The payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendant did not properly compensate her/them;

(c) The payment of all hours at applicable minimum wage rates;

(d) Liquidated damages;

(e) Reasonable attorneys' fees and costs incurred in this action;

(f) A declaration that Plaintiff and the Opt-in Plaintiffs were wrongfully denied applicable minimum wage and overtime wages as required by law.

(g) Pre- and post-judgment interest as provided by law;

(h) Trial by jury on all issues so triable;

(i) Any and all further relief that this Court determines to be appropriate.


Dated this _____ day of August, 2017.

                                        Respectfully submitted by,


                                        _____
                                        James J. Henson, Esq.
                                        Florida Bar No. 77476
                                        MORGAN & MORGAN, P.A.
                                        20 North Orange Avenue
                                        14th Floor
                                        P.O. Box 4979
                                        Orlando, FL 32802-4979
                                        Tel.: (407) 428-6241
                                        Fax: (407) 245-3342
                                        Email: jjhenson@forthepeople.com
                                        *Attorneys for Plaintiff and the Class*