**EXHIBIT**

**A**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JENNIFERMARIE TASMAN, on behalf of
herself and those similarly situated,

    Plaintiff(s),

vs.                             Case No.: 3:17-cv-994-J-32JRK

HT RESTAURANT GROUP, LLC,
D/B/A HIDDEN TREASURE RAW BAR &
GRILL, a Florida Limited Liability Company,

    Defendant.

## SETTLEMENT AGREEMENT AND FLSA RELEASE

THIS SETTLEMENT AGREEMENT AND FLSA RELEASE ("Agreement") is made this 5th day of June, 2018, by and between JenniferMarie Tasman ("Plaintiff") and HT Restaurant Group, LLC, d/b/a Hidden Treasure Raw Bar & Grill ("Defendant").

WHEREAS, Plaintiff was employed by Defendant as a server from February 1, 2017 through July 3, 2017; and

WHEREAS, Plaintiff filed the above-referenced lawsuit (the "Complaint") against Defendant; and

WHEREAS, Defendant denies liability herein and any wrongdoing with respect to Plaintiff; and

WHEREAS, Plaintiff and Defendant wish to avoid litigating this claim and settle and resolve this controversy between them amicably and expeditiously;

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

STIPULATED AND AGREED by and between the undersigned parties that the above-entitled matter is hereby resolved as follows:

1.   **RECITALS.**  The foregoing recitals are true and correct and are incorporated herein by this reference.

2.   **RELEASE OF FLSA CLAIMS.**

a.    This Agreement shall constitute a waiver and release of all claims Plaintiff might have for unpaid wages and/or overtime under the Fair Labor Standards Act against Releasees (as defined paragraph 2(c) below).

b.    Plaintiff shall dismiss in writing and with prejudice the above-referenced lawsuit against Defendant, by filing a mutually agreeable Joint Motion for Approval of Settlement.

c.    Plaintiff hereby knowingly and voluntarily releases and forever discharges Defendant, together with its parents, predecessors, successors, assigns, subsidiaries, affiliates, insurers, and its past, present and future directors, officers, shareholders, members, Plaintiffs, agents, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, Plaintiffs, agents, heirs and attorneys (collectively "Releasees"), of and from any and all claims under the Fair Labor Standards Act, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which Plaintiff has or might have as of the date of execution of this Agreement.

3.   **SETTLEMENT SUMMARY**

a.    In consideration of the promises made herein, by July 24th, 2018, as long as Defendant received an executed original of this Agreement, W-4 and W-9 Forms executed by Plaintiff and a W-9 Form executed by Plaintiff's attorney, Defendant shall pay to Plaintiff the total

sum of Two Thousand Seven Hundred and Fifty Dollars and No Cents ($2,750.00) (hereinafter "Settlement Sum"). Such Settlement Sum shall be allocated as follows:

- $1,000.00 made payable to JenniferMarie Tasman, as and for unpaid wages allegedly due her, which amount shall be subject to deductions and withholdings and for which an IRS Form W-2 shall issue to JenniferMarie Tasman;

- $1,000.00 made payable to JenniferMarie Tasman, as and for liquidated damages allegedly due her, which amount shall *not* be subject to deductions or withholding and for which an IRS Form 1099 shall issue to JenniferMarie Tasman; and

- $750.00 made payable to Morgan & Morgan, as attorneys' fees and costs and for which an IRS Form 1099 shall issue to Morgan & Morgan and JenniferMarie Tasman;

Plaintiff understands and acknowledges that she would not have received the payments specified in this paragraph, except for her execution of this Agreement, including the Release of her FLSA claim contained herein, and her fulfillment of the promises contained herein.

b.      Defendant makes no representation as to the taxability of the amounts paid to Plaintiff. Plaintiff agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, Plaintiff agrees to indemnify Defendant and hold it harmless from any interest, taxes or penalties assessed against it by any governmental agency as a result of the non-payment of taxes on any amounts paid to Plaintiff under the terms of this Agreement.

4.      **NO ADMISSION**. Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by

either party or any liability, unlawful conduct of any kind or violation by either party of the laws identified in paragraph 2 herein.

5.    **OPPORTUNITY TO REVIEW**.  Plaintiff acknowledges that she is aware that she is giving up all claims under the FLSA against Defendant, its parents, predecessors, successors, assigns, subsidiaries, affiliates, and their past and present directors, officers, shareholders, members, Plaintiffs, agents, insurers and attorneys.  Plaintiff acknowledges that she has been advised in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  Plaintiff signs this Agreement voluntarily.

6.    **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction, such that it cannot be modified to be enforceable, excluding the FLSA release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.    **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of law provisions.  In the event of any action arising hereunder, venue shall be proper in the Circuit Court of Volusia County, Florida.

8.    **AGREEMENT AND REPRESENTATIONS**.  This Agreement supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties.  Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

agreements of any kind made to her in connection with her decision to sign this Agreement, except those set forth in this Agreement.

9.  **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

By: _____
    JENNIFERMARIE TASMAN

HT RESTAURANT GROUP, LLC,
D/B/A HIDDEN TREASURE RAW BAR &
GRILL

By: _____

_____
Print name and title of person signing