**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JENNIFERMARIE TASMAN, on behalf of
herself and those similarly situated,

            Plaintiff,

vs.                                                Case No.  3:17-cv-994-J-32JRK

HT RESTAURANT GROUP LLC, a Florida
Limited Liability Company doing business
as Hidden Treasure Raw Bar & Grill

            Defendant.
_____/

### REPORT AND RECOMMENDATION[1]

This cause is before the Court on the Joint Motion for Order Approving Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. No. 18; "Motion"), filed June 13, 2018. In the Motion, the parties seek the Court's approval of their settlement agreement, and they request that this case be dismissed with prejudice. Motion at 2 ¶ 9. The Motion is referred to the undersigned for the issuance of a report and recommendation regarding an appropriate resolution. See Track Notice and FLSA Scheduling Order (Doc. No. 5), entered September 18, 2017, at 3; Order of Administrative Closure and Reference (Doc. No. 19), entered June 13, 2018, at 2.

Plaintiff brought this action on August 23, 2017 for minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). See Complaint (Doc. No. 1). On August 28, 2017, Plaintiff filed an Amended Complaint and Demand for Jury Trial

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." Id. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

(Collective Action Complaint) (Doc. No. 3; "Amended Complaint" or "Am. Compl."), because the Complaint was not dated or signed by counsel. Plaintiff alleges in her Amended Complaint that she worked for Defendant as a server from February 1, 2017 through July 3, 2017. Am. Compl. at 4 ¶ 13-14. She states that "during multiple weeks," she worked between fifty-five to sixty hours per week, and Defendant failed to pay her overtime wages for those hours worked in excess of forty hours a week. Id. ¶ 15, 18. Plaintiff also alleges Defendant paid her "the tip-credited wage for the hours spent performing non-tip producing duties . . . ." Id. at 5 ¶ 21. In her Responses to Court Interrogatories, Plaintiff represents that her regular rate of pay was "$5.08 per hour plus tips," and that she "worked on average 15-20 hours of overtime per week." Plaintiff Jennifermarie Tasman's Responses to Court Interrogatories (Doc. No. 6-1), filed September 22, 2017, at 1.

The parties have entered into a settlement agreement to resolve all of Plaintiff's claims. See Motion Ex. A ("Settlement Agreement"). Under the terms of the settlement agreement, Defendant agrees to pay Plaintiff a total of $2,000.00 for allegedly unpaid wages and for liquidated damages, as well as $750.00 for attorney's fees and costs. Settlement Agreement at 3.

The parties represent that the Settlement Agreement "fairly and reasonably takes into account each party's interest, benefits, and rights . . . ." Motion at 2 ¶ 8. The parties represent that "[a]lthough Defendant contended Plaintiff was not entitled to any unpaid wages under the FLSA, Defendant still agreed to resolve Plaintiff's claim," and that "[h]ad Plaintiff proceeded to trial, she would have risked recovering nothing if a jury determined she was paid properly in accordance with the records and did not work off-the-clock." Id. They also represent that the payment for attorneys' fees and costs was "negotiated separately from the amount paid to Plaintiff." Id. ¶ 7.

In a FLSA case for "back wage[s] or liquidated damage[s]," the Court must make a finding that any compromise settlement of the case represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" after "scrutinizing the settlement for fairness." Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982); see also Nall v. Mal-Motels, Inc., 723 F.3d 1304, 1306 (11th Cir. 2013) (citation omitted); Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009).

Upon review of the Motion, the Settlement Agreement, and the remainder of the file, the Court finds that the Settlement Agreement, including the award of attorneys' fees and costs, represents "a fair and reasonable resolution of a bona fide dispute" over provisions of the FLSA. Lynn's Food Stores, 679 F.2d at 1355.[2]

In assessing the fairness of the agreement, the undersigned observes that it contains a release provision. See Settlement Agreement at 2. "Courts typically disfavor general release clauses in FLSA settlement agreements." DeGraff v. SMA Behavioral Health Servs., 945 F. Supp. 2d 1324, 1329 (M.D. Fla. 2013) (citations omitted). Here, however, the release is limited to claims for unpaid wages and claims under the FLSA. See Settlement Agreement at 2. As such, the release is distinguishable from those disfavored by courts, for it "allay[s] any concern that Plaintiff[] may be giving up an unknown, but valuable, claim that is completely unrelated to the FLSA claim, and which 'confers an undeserved and disproportionate benefit on the employer and effects an unanticipated, devastating, and unfair deprivation on the employee.'" Coleman v. Target Corp., No. 6:12-cv-1315-Orl-37GJK, 2013 WL 867891, at *6 (M.D. Fla.

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness [of such award] is apparent from the face of the documents.'" King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (unpublished) (quoting Perez v. Nationwide Protective Servs., Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005) (unpublished)). The total fee award sought in this case is not patently unreasonable. In addition, Defendant does not contest the reasonableness of the award, so the Court has not conducted an in-depth analysis of the attorneys' fees sought. Accordingly, the award of attorneys' fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiffs' counsel constitutes a reasonable hourly rate in this or any applicable market.

Mar. 1, 2013) (unpublished) (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1351 (M.D. Fla. 2010)). Accordingly, the undersigned finds that the release provision here does not undermine the fairness or reasonableness of the settlement agreement.

After due consideration, it is

**RECOMMENDED**:

1. That the Joint Motion for Order Approving Fair Labor Standards Act Settlement and Dismissal with Prejudice (Doc. No. 18) be **GRANTED to the extent** that the Court enter an Order and Stipulated Final Judgment **APPROVING** the parties' settlement agreement attached to the Motion.[3]

2. That this case be **DISMISSED WITH PREJUDICE** and that the Clerk be directed to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on June 19, 2018.

_____
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:

Honorable Timothy J. Corrigan
United States District Judge

Counsel of Record

---

[3] This recommendation is not intended to suggest that the Court enter judgment against Defendant. Rather, this recommendation is that the Court enter a combined Order and Stipulated Final Judgment approving the parties' settlement agreement because, as stated in Lynn's Food Stores, 679 F.2d at 1355, "there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed . . . under the FLSA[] is a fair and reasonable res[o]lution of a bona fide dispute."